UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA  :
: 1:95-CR-00004
:
: **OPINION & ORDER**
:
v. :
:
:
ALMOS STARK :
:
:
:

      This matter is before the Court on Almos Starks's Motion for Reconsideration (doc. 109) of the Court's decision on his second Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 103). In his motion, Starks reiterates his positions that Dorsey v. United States, 132 S.Ct. 2321 (2012) would apply to his case and that he is eligible for resentencing under the new mandatory minimums set forth in the Fair Sentencing Act.

      Mr. Starks was convicted by jury in 1995 of numerous charges, including possession of cocaine base with intent to distribute and unlawful possession of a firearm. Pursuant, in part, to the mandatory minimum sentence set forth in 21 U.S.C. §841(b)(1)(A), he was sentenced to two life sentences, a thirty-year sentence and a ten-year sentence, all to run concurrently.

1

As the Court has repeatedly explained, the Court cannot grant Mr. Starks' request for a reduction in sentence, and it will not reiterate its rationale here.  As the basis for the instant motion, Mr. Starks cites to the case of United States v. Deane, 474 Fed.Appx. 212 (4th Cir. June 20, 2012), where the appellate court affirmed the district court's denial of the prisoner's motion for resentencing under the Fair Sentencing Act.  Mr. Starks correctly notes that the appellate court's decision was vacated and remanded by the Supreme Court to be reconsidered in light of Dorsey.  Deane v. United States, 133 S.Ct. 668, 668-69 (2012).

Unfortunately for Mr. Starks, Deane does nothing to advance his case.  Indeed, when Deane was heard on remand, the Fourth Circuit came to the same conclusion as it had earlier, even in light of Dorsey: the prisoner was not entitled to any reduction in his sentence.  United States v. Deane, 2013 WL 1137448 (4th Cir. March 20, 2013).

As the Court has noted in its previous opinions, Dorsey is simply not applicable to Mr. Starks' case because Dorsey explicitly held that the Act's new lower mandatory minimums apply only "to the post-Act sentencing of pre-Act offenders."  132 S.Ct. at 2335 (emphasis added).  Mr. Starks' offense conduct did occur pre-Act, but so did his sentencing.  He therefore does not fall within the category of offenders contemplated by Dorsey.  See,

2

e.g., United States v. Hollins, 2012 WL 5477119, at *2 (6th Cir. Nov.13, 2012) ("The FSA does not apply to Hollins because he was sentenced prior to the statute's effective date. See Dorsey v. United States ..."); United States v. Mundy, 2012 5200363, at *1 (6th Cir. Oct. 22, 2012) ("[W]e have repeatedly rejected the assertion that the Act applies retroactively to sentences imposed prior to the Act's effective date ."); United States v. Stanley, 2012 WL 4014932, *3 (6th Cir. Sept.13, 2012) ("The [Dorsey] decision did not, however, extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010."); United States v. Allen, 481 Fed. Appx. 248 (6th Cir. July 26, 2012) ("Unfortunately for Defendant, Dorsey's holding does not apply ..." to a defendant who was sentenced several weeks prior to FSA's effective date); United States v. Finley, 2012 WL 2505630 (6th Cir. June 29, 2012)(relying on Dorsey, court holds that FSA does not apply to a defendant whose appeal was pending when the FSA was enacted).

Mr. Starks was sentenced according to the statutory mandatory minimum applicable to his case, which remains unchanged by the Fair Sentencing Act.  Even if that were not the case, he would not be eligible for resentencing because his sentencing occurred prior to the enactment of the FSA.  He is therefore not

3

eligible for a section 3582(c) reduction, and the Court DENIES his motion to reconsider its opinion so holding (doc. 109).

SO ORDERED.

Dated:  April 30, 2013           s/S. Arthur Spiegel_____
                                 S. Arthur Spiegel
                                 United States Senior District Judge